

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00014-CR

_____

DEMORRIS T ALBRIGHT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1725366

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Demorris T. Albright pled guilty to intentionally or knowingly possessing (1) with intent to deliver methamphetamine, of four grams or more but less than 200 grams, including any adulterants or dilutants; (2) fentanyl, of four grams or more, but less than 200 grams, including any adulterants or dilutants; and (3) cocaine, of less than one gram, including any adulterants or dilutants.  *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.115(b), (d) (Supp.).  Albright signed the written admonishments that his punishment range was fifteen to ninety-nine years, or life in prison.  There was a punishment hearing, and the trial court sentenced Albright to fifty years' incarceration for count one, twenty years' incarceration for count two, and two years' incarceration for count three, to run concurrently. Albright appeals.[1]

Albright's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings.  Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*.  *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).  We follow the precedent of the Second Court of Appeals in deciding the issues presented.  *See* TEX. R. APP. P. 41.3.

13 (Tex. Crim. App. [Panel Op.] 1978).   Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 2, 2026, counsel sent a letter to Albright attaching copies of the brief, the motion to withdraw, and a pro se motion for access to the record lacking only Albright's signature.  The letter also outlined Albright's pro se rights, including his rights to review the record and file a pro se response.   By letter dated April 29, this Court informed Albright that the case would be set for submission on May 20, and any pro se response was due on or before May 20.  We received neither a pro se response from Albright nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous.   We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*

3

We affirm the judgment of the trial court.[2]

Charles van Cleef
Justice

Date Submitted:     May 20, 2026
Date Decided:       June 11, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68